**UNITED STATES v. PISATURO et al.**

District Court, S. D. New York.

Dec. 14, 1944.

John F. X. McGohey, U. S. Atty., of New York City (Joseph P. Giaimo, Asst. U. S. Atty., of New York City, of counsel), for the Government.

Morris Mohr, of New York City, for defendants.

MOSCOWITZ, District Judge.

The information against these defendants charges:

"That heretofore, to wit, on or about the 5th day of October, 1944, at the Southern District of New York and within the jurisdiction of this Court, Peter Pisaturo and Jack Conti, the defendants herein, unlawfully, wilfully and knowingly did have in their possession approximately 492 gasoline ration coupons, Series A-11, representing approximately 1,776 gallons of gasoline, the defendants being then and there not the persons or agents of the persons to whom said gasoline ration coupons were issued or by whom they were acquired in accordance with the provisions of Ration Order No. 5-C and General Ration Order No. 8 duly issued by the Price Administrator."

It appears that the gasoline ration coupons alleged in the information are counterfeit. General Order 8, Section 2.5, reads as follows:

"Acquisition, use, transfer or possession of counterfeited or forged ration document. No person shall acquire, use, permit the use of, transfer, possess or control any counterfeited or forged ration document."

General Ration Order 2.6, to which Section 2.5 refers, reads as follows:

"Acquisition, use, transfer or possession of ration document. No person shall acquire, use, permit the use of, transfer, possess or control a ration document except the person or the agent of the person to whom such ration document was issued or by whom it was acquired in accordance with a ration order or except as otherwise provided by a ration order."

It will be noted that the information does not charge that the defendants had in their possession counterfeit gasoline ration coupons. A reading of this information will indicate that the defendant is charged with possession of gasoline ration coupons which were duly issued by the Office of Price Administration. The information should allege the possession of counterfeit gasoline ration coupons. It is implied that where the defendant is charged with the possession of gasoline ration coupons, that means gasoline ration coupons duly issued and not counterfeit gasoline ration coupons.

The information is dismissed. This disposition is not upon the merits. The defendants may be charged with the offense of having in their possession counterfeit ration coupons. That is a distinct offense. There would be no double jeopardy.

The motion is granted.